**BOSTON AND MAINE CORPORATION** Deleware and Hudson Railway Company, Maine Central Railroad Company, and Portland Terminal Company, Plaintiff,

v.

**NATIONAL MEDIATION BOARD,** Charles L. Woods, Chairman, Walter C. Wallace, Board Member, and Helen M. Witt, Board Member, Defendants.

Civ. A. No. 86–2902.

United States District Court, District of Columbia.

Jan. 14, 1987.

Ralph J. Moore, Jr., William F. Sheehan, Richard M. Wyner, D. Eugenia Langan,

Shea & Gardner, Washington, D.C., for plaintiff.

Kathleen S. Devine, Federal Programs Branch, Civil Div., Dept. of Justice, Ronald M. Etters, Gen. Counsel, Nat. Mediation Bd., Washington, D.C., for defendant.

John O'B Clark, Jr., Highsaw & Mahoney, Washington, D.C., intervenor for Labor Executive Assn.

## MEMORANDUM ORDER

SPORKIN, Judge.

This case is before me on cross motions for summary judgment which can only be granted when there are no genuine issues of material fact in dispute. Fed.R.Civ.P. 56(c). After a careful reading of the papers submitted by both parties, and a full hearing on the matter, I am unable to conclude that all factual issues have been resolved and therefore cannot grant a motion for summary judgment.

Plaintiffs bring this action seeking an order to compel the defendant to commence mediation in a dispute which exists between plaintiffs and certain of its collective bargaining units. These unions invoked the jurisdiction of the defendant National Mediation Board ("NMB" or "the Board") in the summer of 1986, thereby locking both parties into the status quo. 45 U.S.C. §§ 155–157. Because of the plaintiffs' "extremely precarious financial condition," the deadlock created by the invocation of mediation by the unions has proven especially costly to the railroads. Rice Aff. ¶ 10. Thus plaintiffs informed the NMB that mediation of the pending dispute was of the utmost importance. *Id.* at Exhibit E. Despite plaintiffs' plea, the NMB has not, to date, appointed a mediator to the dispute.

The situations in which a district court ought to order the National Mediation Board to appoint a mediator are admittedly few.[1] *See International Ass'n of Mach. &*

---

1. It is worth noting that this was not the issue in the main case relied on by the defendant, *International Ass'n of Mach. & A. Wkrs. v. National Med. Bd.,* 425 F.2d 527 (D.C.Cir.1970) ("*Machinists*"). Rather, in that case, plaintiffs sought an order directing the mediation board to *cease* mediation and to send the case to an arbitrator; here plaintiffs merely seek an order directing the board to *appoint* a mediator. While similar reasons for deferring to the NMB exist in both instances, ordering the NMB to appoint a mediator is a less meddlesome directive and can be

*A. Wkrs. v. National Med. Bd.*, 425 F.2d 527, 537 (D.C.Cir.1970) (judicial action proper when Board has continued mediation on basis that is "completely and patently arbitrary and for a period that is completely and patently unreasonable"); *Deleware and Hudson R.R. v. United Transportation Union*, 450 F.2d 603, 608 (D.C.Cir. 1971), *cert. denied* 403 U.S. 911, 91 S.Ct. 2209, 29 L.Ed.2d 689 (1971) (judicial relief available in "situation bordering on patent official bad faith"). Nonetheless, both parties agree that the Court does have this authority, although the defendant believes mediation should only be ordered by the Court in "extraordinary and exceptional" cases. Memorandum in Support of Def. Motion to Dismiss, or in the Alternative, for Summary Judgment, and in Opposition to Plaintiff's Motion for Preliminary Injunction ("Def.Br.") at 16. Even accepting the defendant's statement of the narrowness of my authority in this area, it is necessary for me to ascertain from the facts of the dispute whether this is one of the few cases in which mandamus would be proper.

Plaintiffs have made allegations that the Board's failure to appoint a mediator in this case stems from "non-neutral[ity]" and "hostility". *See* Rice Aff. at ¶ 15; *see also* Pease Aff. at ¶ 4. The defendant has not rebutted these allegations. Rather, defendant has submitted an affidavit from the Executive Director of the NMB outlining the Board's position in general terms, unresponsive to plaintiffs' allegations. Further, in its pleadings, the Board simply asserts that the findings of fact that this Court has the responsibility to make must be ascertained from the " 'objective facts' concerning the conduct of the mediation process." Def. Br. at 15. At oral argument, with counsel for plaintiffs' approval, I invited the defendant to brief me *in camera* on an *ex parte* basis as to the reasons no mediator has been appointed. The defendant declined the invitation.

Without this information, and thus on acting solely on the basis of the record before me, I am unable to make the requisite factual of finding that this is not one of the rare instances in which mediation should be ordered and thus I am unable to dispose of the case on a motion for summary judgment.

Accordingly, it is, this 13th day of January, 1987, hereby

ORDERED that the cross motions for summary judgment be denied and further

ORDERED that the case be set down for a status call to determine how the case should proceed on Tuesday, January 27, 1987, at 10 a.m.

---

done without significantly interfering with the proper functioning of the NMB. Moreover, the *Machinists* decision itself referred to the 72–day time period between the docketing of that dispute and the appointment of a mediator as "a delay that ill suits [the NMB's] need for expedi-

tion," *Machinists*, 425 F.2d 541, notwithstanding the fact that the parties were engaged in illegal self-help during that time period. Here we are, of course, dealing with a delay several times as long and one devoid of any illegal activity on the part of the parties.